**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **MARION MAROCCO** | : | |
| | : | |
| **VS.** | : | **PC** 06-4215 |
| | : | |
| **TOWN OF JOHNSTON, through its Finance Director, JOHN CONNORS; WILLIAM MACERA, LOUIS DeSIMONE, and ANTHONY PILOZZI Individually and in their respective capacities as. Mayor, Town Solicitor, and Chairman of the Zoning Board, Town of Johnston** | : | |

## COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of the Town of Johnston, located in Providence County, Rhode Island.

2. The Town of Johnston is a duly incorporated municipal body organized pursuant to the laws of the State of Rhode Island.

3. Defendant John Connors is the duly appointed Finance Director of the Town of Johnston, and serves in the capacity of Treasurer.

4. Defendant William Macera is the duly elected Mayor of the Town of Johnston.

5. Defendant Louis DeSimone is the duly appointed Town Solicitor of the Town of Johnston.

6. Defendant Anthony Pilozzi is the duly appointed Chairman of the Johnston Zoning Board.

7. At all times relevant hereto, Plaintiff served as Clerk in the Town of Johnston's Building Department and as secretary to the Town of Johnston's Zoning Board.

8. At all times relevant hereto Plaintiff resides at 28 Bishop Hill Road, Johnston, with her husband, Eugene Marocco.

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2006 AUG 11 A 10: 45

True Copy Attest
Clerk of Superior Court
Providence & Bristol
Providence, Rhode Island
12-14-06

9. Plaintiff and her husband own said property at 28 Bishop Hill Road.

10. The immediate abutters to said property are related to Plaintiff and her husband by blood or marriage.

11. In or about 2004, Plaintiff decided to make an addition to her home on 28 Bishop Hill Road, so that Plaintiff's daughter and the daughter's family could live with the Plaintiff and Plaintiff's husband.

12. In furtherance of this plan, Plaintiff decided to add onto her house a two-car garage with living space above for her daughter and her daughter's family.

13. Plaintiff also decided to construct an accessory structure for storage.

14. The addition to her home as planned would be ten feet from the property line.

15. The applicable zoning ordinance required a side yard depth of thirty-five feet.

16. The addition to Plaintiff's home as planned would only leave a side yard depth of approximately ten feet.

17. In order to make the addition to her home for her daughter and her daughter's family, Plaintiff required a dimensional variance because the proposed addition would not comply with the applicable zoning ordinance side yard depth requirements. Plaintiff also required approval from the Zoning Board for an accessory family dwelling.

18. On or about June 29, 2004, Plaintiff filed an application to the Zoning Board, stating her intention to create an accessory family living area and accessory structure, and requesting the necessary dimensional variance.

19. In accordance with the provisions of the zoning ordinance, the Plaintiff notified the abutters by certified mail.

20. None of the abutters objected to said variance.

21. On or about July, 2004, Plaintiff's application for her proposed building project was approved by the Zoning Board.

22. Subsequently, Plaintiff had consulted with building professionals, who refused to build the addition to her home on aesthetic grounds, and also pointed out problems with connecting to the septic system.

23. After that consultation with building professionals, Plaintiff then consulted with Victor Caetano, a building official in the Town of Johnston.

24. At that time, Victor Caetano advised Plaintiff to construct a separate building for her daughter and her family to live in instead of the proposed addition, on or near the site where Plaintiff had originally intended to build the accessory storage structure.

25. This new concept would not require a dimensional variance.

26. Plaintiff then consulted with a building professional, who agreed with the basic concept outlined by Victor Caetano, but suggested moving the structure over slightly.

27. Plaintiff determined to follow the advice of Victor Caetano and the building professional, and submit this plan to the Zoning Board.

28. Plaintiff again consulted with Victor Caetano, who drew a site map outlining the changes to her construction plan.

29. On or about November 14, 2004, Plaintiff went to the meeting of the Zoning Board, and brought the site map (hereinafter, "the November, 2004 plan") to Defendant Anthony Pilozzi with the intention of having said November, 2004 plan placed on the agenda.

30. It was the established pattern and practice of the Johnston Zoning Board not to require another vote when changes were made to a plan that had already been approved, provided that the changes did not require another type of variance than that which had already been granted.

31. At that November 14, 2005 meeting, Defendant Pilozzi reviewed the November, 2004 plan, and informed the Plaintiff that it did not need to be voted upon again.

32. Defendant Pilozzi signed the back of the November, 2004 plan, and told Plaintiff, "Go have a happy life."

33. The other members of the Zoning Board who were present also signed the November, 2004 plan.

34. The next day, on the instruction of Defendant Pilozzi, Plaintiff obtained the signature of the fifth Zoning Board member, who was not present.

35. On or about April 11, 2005, Plaintiff received a building permit.

36. Plaintiff commenced with the proposed building project.

37. Shortly thereafter, the Plaintiff's neighbors began harassing Plaintiff and her family members regarding said project.

38. As a result of said harassment, the Plaintiff decided to abandon the project of building the accessory family dwelling, and use the foundation already dug therefor to construct an accessory building to be used as a sun deck and storage area, and submitted another application to the Zoning Board for approval of this project.

39. By letter dated August 10, 2005, Plaintiff was notified by Bradford E. Southworth, Personnel Director of the Town of Johnston, that the Town of Johnston was contemplating her dismissal ". . . for a number of transgressions including but not limited to the inappropriate presentation of a personal matter to the Zoning Board on November 18, 2004 to modify an approval granted on June 29, 2004 for an addition to your home. The new request was to construct a second residence on your property. You sought the signatures of Board members who did not attend the meeting and proceeding with a matter when you knew there was no

quorum and then representing to the Building Operations Department that the Zoning Board had approved your request for which you were granted a permit."

40. A pre-termination hearing was held on August 16, 2005.

41. At said hearing, Plaintiff explained the procedures followed in obtaining the signatures.

42. At said hearing, Plaintiff received no explanation of the evidence against her in support of charges of misconduct.

43. By letter dated August 23, 2005, Defendant Macera notified Plaintiff that she was being terminated from her employment with the Town of Johnston.

44. Section 2-28 of the Town of Johnston's Personnel Ordinance requires that notifications of termination contain a "... detailed statement of the reasons of dismissal or demotion."

45. Said letter contains no explanation as to the cause for her termination.

**COUNT I – § 1983**

46. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

47. Plaintiff had a property interest in her position as an employee of the Town of Johnston, and also in her reputation.

48. Defendant Macera deprived Plaintiff of her property and reputational interests in violation of her rights to procedural and substantive due process pursuant to Amendment 14 of the U.S. Constitution.

49. At all relevant times, Defendant Macera acted under color of state law.

50. As a direct and proximate result of Defendant Macera's violation of Plaintiff's rights, Plaintiff has suffered pecuniary, non-pecuniary, and reputational damages.

WHEREFORE, Plaintiff demands judgment against the Defendant, including compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT II – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIP AND/OR ECONOMIC ADVANTAGE**

51. Plaintiff realleges those allegations contained in Paragraphs above as if fully restated therein.

52. Plaintiff derived economic advantage as a result of her employment by the Town of Johnston.

53. Defendant Macera knew or should have known of the economic advantage derived from her employment by the Town of Johnston.

54. Defendant Macera willfully and deliberately interfered with the economic advantage derived from Plaintiff's employment by the Town of Johnston.

55. Defendant Macera used improper means, and had improper motives in tortiously interfering with and/or depriving Plaintiff of the economic benefits of her employment by the Town of Johnston.

56. As a direct and proximate result of the illegal activity of Defendant Macera, Plaintiff has suffered great financial loss.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT III (DEFAMATION)**

57. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

58. On or about August 24, 2005, Defendant Pilozzi stated to Providence Journal reporter Seth McLaughlin that he was unaware of the November application submitted by Plaintiff.

59. On or about August 24, 2005, Defendant Pilozzi stated to Providence Journal reporter Seth McLaughlin that: "It's not rare for someone to deviate from the original plan that was agreed to by the Zoning Board," and "It's really foolish to try to do it because you are going to get caught."

60. Said statements implied that Plaintiff had not submitted the November application to the Zoning Board for approval and/or had deviated from a plan approved by the Zoning Board.

61. Said statement was false at the time it was made.

62. Said statement was such that would injuriously affect an individual's reputation and bring her into public contempt.

63. Said statement reflected upon Plaintiff's fitness to carry out her business, and therefore were defamatory *per se*.

64. As a direct result of Defendant Pilozzi's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer both pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendant Pilozzi, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT IV – INVASION OF PRIVACY (FALSE LIGHT, R.I.G.L. § 9-1-28.1)**

65. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

66. Defendant Pilozzi has published or implied a false or fictitious fact regarding Plaintiff that implies an association which does not exist.

67. Defendant Pilozzi placed Plaintiff in a false light by publishing a statement that he was unaware of the November, 2004 application, thus implying the false or fictitious fact that Plaintiff had failed to obtain the Zoning Board's approval of the November, 2004 application and/or had deviated from an approved plan.

68. These associations or implications as published by the Defendants would be objectionable to the ordinary reasonable person under the circumstances.

69. As a direct and proximate result of Defendant's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT V (DEFAMATION)**

70. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

71. On or about August 29, 2005, Defendant Pilozzi stated to Providence Journal reporter Seth McLaughlin that the Zoning Board had approved Plaintiff's July, 2004 application, and that "What happened after that, I don't know."

72. Said statement implied that Plaintiff had not submitted the November application to the Zoning Board for approval and/or had deviated from a plan approved by the Zoning Board.

73. Said statement was false at the time it was made.

74. Said statement was such that would injuriously affect an individual's reputation and bring her into public contempt.

75. Said statement reflected upon Plaintiff's fitness to carry out her business, and therefore were defamatory *per se.*

76. As a direct result of Defendant Pilozzi's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer both pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendant Pilozzi, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**<u>COUNT VI – INVASION OF PRIVACY (FALSE LIGHT, R.I.G.L. § 9-1-28.1)</u>**

77. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

78. Defendant Pilozzi has published or implied a false or fictitious fact regarding Plaintiff that implies an association which does not exist.

79. Defendant Pilozzi placed Plaintiff in a false light by publishing a statement that he was unaware of the November, 2004 application, thus implying the false or fictitious fact that Plaintiff had failed to obtain the Zoning Board's approval of the November, 2004 application and/or had deviated from an approved plan.

80. These associations or implications as published by the Defendants would be objectionable to the ordinary reasonable person under the circumstances.

81. As a direct and proximate result of Defendant's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT VII (DEFAMATION)**

82. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

83. On or about August 24, 2005, Defendant Louis DeSimone stated to Providence Journal reporter Seth McLaughlin in reference to the November, 2004 application that: "There's a question as to whose handwriting that is [on the application]," and that "We can't confirm it was written by her [Plaintiff] or not."

84. Said statement implied that Plaintiff had not submitted the November application to the Zoning Board for approval.

85. Said statement implied that Plaintiff had forged the signatures of the Zoning Board members on the November, 2004 application, or had caused said signatures to be forged.

86. Said statement was false and defamatory at the time that it was made.

87. Said statement was such that would injuriously affect an individual's reputation and bring her into public contempt.

88. Said statement reflected upon Plaintiff's fitness to carry out her business, and therefore were defamatory *per se*.

89. Said statement accused Plaintiff of a crime, and was therefore defamatory *per se*.

90. As a direct result of Defendant DeSimone's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer both pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendant DeSimone, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT VIII – INVASION OF PRIVACY (FALSE LIGHT, R.I.G.L. § 9-1-28.1)**

91. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

92. Defendant DeSimone has published or implied a false or fictitious fact regarding Plaintiff that implies an association which does not exist.

93. Defendant DeSimone placed Plaintiff in a false light by publishing a statement to the effect that the Town officials could not confirm whose handwriting was on the November, 2004, thus implying the false or fictitious fact that Plaintiff had forged the signatures of the Planning Board members on the November, or had caused said signatures to be forged. These associations or implications as published by the Defendants would be objectionable to the ordinary reasonable person under the circumstances.

94. As a direct and proximate result of Defendant's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT IX (DEFAMATION)**

95. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

96. On or about August 29, 2005, Defendant William Macera stated to Providence Journal reporter Seth McLaughlin that: "In the course of what went on there, that plan changed from an addition to a private residence."

97. Said statement implied that Plaintiff had not submitted the November application to the Zoning Board for approval and/or had deviated from an approved plan.

98. Said statement implied that Plaintiff had forged the signatures of the Zoning Board members on the November, 2004 application.

99. Said statement was false and defamatory at the time that it was made.

100. Said statement was such that would injuriously affect an individual's reputation and bring her into public contempt.

101. Said statement reflected upon Plaintiff's fitness to carry out her business, and therefore were defamatory *per se*.

102. Said statement accused Plaintiff of a crime, and was therefore defamatory *per se*.

103. As a direct result of Defendant Macera's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer both pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendant Macera, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**<u>COUNT X – INVASION OF PRIVACY (FALSE LIGHT, R.I.G.L. § 9-1-28.1)</u>**

104. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

105. Defendant Macera has published or implied a false or fictitious fact regarding Plaintiff that implies an association which does not exist.

106. Defendant Macera placed Plaintiff in a false light by publishing a statement indicating that, "In the course of what went on there, that plan changed from an addition to a private residence," thus implying the false or fictitious fact that Plaintiff had not submitted her November, 2004 application to the Zoning Board for approval and/or deviated from an approved plan.

107. As a direct and proximate result of Defendant's wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT XI – INVASION OF PRIVACY (UNREASONABLE PUBLICITY OF PRIVATE FACT)**

108. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

109. The Defendants unreasonably published the private fact of Plaintiff's termination.

110. Said publication would be offensive objectionable to the reasonable person of ordinary sensibilities.

111. As a direct and proximate result of Defendants' wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendants, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

**COUNT XII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

112. Plaintiff realleges those allegations contained in the above Paragraphs as if fully restated therein.

113. Defendants' wrongful, malicious, intentional, outrageous, wicked and wanton actions complained of herein were taken intentionally for the purpose of causing, and had the intended effect of causing, Plaintiff to suffer extreme and severe emotional distress.

114. As a direct and proximate result of Defendants' wrongful actions complained of herein, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against the Defendant, including compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

Marion Marocco
By her attorneys,

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 11, 2006

Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
August 11, 2006

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

%%

D U P L I C A T E

R E C E I P T

Rhode Island Justice System

Receipt Number: SCP231717
Date: 11-AUG-2006
Cashier: LSY

Payor: LB - VICKI J BEJMA
Address:

| Description | Amount |
|---|---|
| Case: PC-2006-4215 | |
| MARION MAROCCO V TOWN OF JOHN | |
| INITIAL FILING FE | 150.00 |
| RI LEGAL SERVICES | 10.00 |

| | |
|---|---|
| Present Balance: | 160.00 |
| Amount Paid: | 160.00 |
| New Balance Due: | 0.00 |

Tender Type:

| | |
|---|---|
| CHECKS-1773 | 160.00 |
| | 0.00 |
| Amount Tendered: | 160.00 |
| Amount Paid: | 160.00 |
| Change: | 0.00 |

# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE # PC-06-4215

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| MARION MAROCCO | TOWN OF JOHNSTON |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

**CIVIL ACTION**

| | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| (X) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

**MISCELLANEOUS PETITION**

| | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RB ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 5A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

**PROBATE APPEAL**

| | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

**DISTRICT COURT APPEAL**

( ) DISTRICT COURT APPEAL

TRIAL (X) YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

ATTORNEY NAME & REGISTRATION#
PRO SE/NAME: Stephen M. Robinson #2103 DATE: TODAY

SC223 (REV05-05)

2006 AUG 11 A 10: 45