STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

MARION MAROCCO

*Plaintiff,*

vs.

C.A. No.: PC06-4215

TOWN OF JOHNSTON, through its Finance Director, John Connors; WILLIAM MACERA; LOUIS DeSIMONE; and ANTHONY PILOZZI, individually and in their respective capacities as Mayor, Town Solicitor and Chairman of the Zoning Board, Town of Johnston,

*Defendants.*

**DEFENDANTS'[1] ANSWER TO PLAINTIFF'S COMPLAINT**

Now come Defendants, Town of Johnston through its Finance Director John Connors, William Macera, and Anthony Pilozzi ("Defendants"), and hereby answer Plaintiff's Complaint ("Complaint") as follows.

1. These Defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9, of that portion of the Complaint entitled, *General Allegations.*

2. These Defendants are without sufficient knowledge to either admit nor deny the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, and 17, of that portion of the Complaint entitled, *General Allegations,* and leave Plaintiff to her proof of same.

3. These Defendants admit the allegations contained in paragraphs 18, 19, 20, and 21, of that portion of the Complaint entitled, *General Allegations.*

[1] Namely, Town of Johnston through its Finance Director John Connors, William Macera, and Anthony Pilozzi.

4. These Defendants deny the allegations contained in paragraphs 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 34, of that portion of the Complaint entitled, *General Allegations.*

5. These Defendants admit the allegations contained in paragraphs 33, 35, and 36 of that portion of the Complaint entitled, *General Allegations.*

6. These Defendants deny the allegations contained in paragraphs 37, 38, 42, 44, and 45, of that portion of the Complaint entitled, *General Allegations.*

7. These Defendants admit the allegations contained in paragraphs 39, 40, 41 and 43, of that portion of the Complaint entitled, *General Allegations.*

8. These Defendants deny the allegations contained in paragraphs 46, 47, 48, 49, and 50, of that portion of the Complaint entitled, *Count I - § 1983.*

9. These Defendants deny the allegations contained in paragraphs 51, 52, 53, 54, 55, and 56, of that portion of the Complaint entitled, *Count II – Intentional Interference with Contractual Relationship and/or Economic Advantage.*

10. These Defendants deny the allegations contained in paragraphs 57, 58, 59, 60, 61, 62, 63, and 64, of that portion of the Complaint entitled, *Count III – (Defamation).*

11. These Defendants deny the allegations contained in paragraphs 65, 66, 67, 68, and 69, of that portion of the Complaint entitled, *Count IV – Invasion of Privacy (False Light, R.I.G.L. § 9-1-28.1).*

12. These Defendants deny the allegations contained in paragraphs 70, 71, 72, 73, 74, 75, and 76, of that portion of the Complaint entitled, *Count V – (Defamation).*

13. These Defendants deny the allegations contained in paragraphs 77, 78, 79, 80, and 81, of that portion of the Complaint entitled, *Count VI – Invasion of Privacy (False Light, R.I.G.L. § 9-1-28.1).*

14. These Defendants deny the allegations contained in paragraphs 82, 83, 84, 85, 86, 87, 88, 89, and 90, of that portion of the Complaint entitled, *Count VII (Defamation).*

15. These Defendants deny the allegations contained in paragraphs 91, 92, 93, and 94, of that portion of the Complaint entitled, *Count VIII – Invasion of Privacy (False Light, R.I.G.L. §9-1-28.1).*

16. These Defendants deny the allegations contained in paragraphs 95, 96, 97. 98, 99, 100, 101, 102, and 103, of that portion of the Complaint entitled, *Count IX (Defamation).*

17. These Defendants deny the allegations contained in paragraphs 104, 105, 106, and 107, of that portion of the Complaint entitled, *Count X – Invasion of Privacy (False Light, R.I.G.L. § 9-1-28.1).*

18. These Defendants deny the allegations contained in paragraphs 108, 109, 110, and 111, of that portion of the Complaint entitled, *Count XI – Invasion of Privacy (Unreasonable Publicity of Private Fact).*

19. These Defendants deny the allegations contained in paragraphs 112, 113, and 114 of that portion of the Complaint entitled, *Count XII – Intentional Infliction of Emotional Distress.*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendants plead the statute of limitations as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These Defendants plead absolute and qualified immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These Defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants plead the public duty doctrine as a bar to the within complaint.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants plead privilege as a bar to the within complaint.

**These Defendants demand trial by jury.**

Defendants,
By their attorneys,

[signature]

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

C.A. No. PC06-4215

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the within Answer was mailed, postage prepaid, on this 11th day of December, 2006, to:

Stephen M. Robinson, Esq. (#2103)
Vicki J. Bejma, Esq. (#6498)
The Law Offices of Stephen M. Robinson
144 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(401) 331-7888 fax