**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARION MAROCCO** | : | |
| | : | |
| **VS.** | : | C.A. No. 06-545 T |
| | : | |
| **TOWN OF JOHNSTON, et al.** | : | |

**PLAINTIFF'S RULE 16 STATEMENT**

This matter originated in Providence County Superior Court, but was removed to this Court on federal question jurisdiction. The Plaintiff, Marion Marocco, was the former Clerk in the Town of Johnston's Building Department, and secretary to the Zoning Board until August, 2005. Plaintiff has brought a § 1983 claim against Town officials, asserting that she was wrongfully terminated from her position in violation of the Fourteenth Amendment. Plaintiff also brings various state law claims against various Town officials. She has brought a state law claim for intentional interference with business relations against the Mayor in connection with her termination. She has also brought a state law claim against Town officials regarding statements made regarding the reasons for her termination, and undue publicity given to her termination.

**I. § 1983**

In order for the Plaintiff to prevail on her § 1983 claim, Plaintiff must show that she has been deprived of a clearly established right under the constitution, by a person acting under the color of law. 42 U.S.C. § 1983.

**II. Intentional Interference with Business Relations/Economic Advantage**

A claim for intentional interference with business relations/economic advantage may be sustained if the Plaintiff can show: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) his intentional interference; and (4) damages resulting therefrom. *See* Smith Development Corp. v. Bilow Enterprises, Inc., 308 A.2d 477, 482 (1973).

**III. Defamation**

A defamation action requires a plaintiff to prove (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher;' and (d) damages, unless the statement is actionable irrespective of special harm." *See* Healey v. New England Newspapers, Inc., 555 A.2d 321, 321 (R.I. 1989).

**IV. False Light**

R.I.G.L. 9-1-28.1(a)(4) provides for a cause of action where "[t]here has been some publication of a false or fictitious fact which implies an association which does not exist; [and][t]he association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances ."

**V. Unreasonable Publicity**

R.I.G.L. 9-1-21.1(a)(3) provides for a right to recover for unreasonable publicity. To recover for a violation of this right, plaintiffs must prove the "publication of a private fact; [and that] [t]he fact which has been made public must be one which would be offensive or objectionable to a reasonable man of ordinary sensibilities."

## VI. Intentional Infliction of Emotional Distress

In order to establish liability for intentional infliction of emotional distress, (1) the conduct must be intentional or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, (4) the emotional distress in question must be severe; and (5) there is some proof of medically established physical symptomatology for both intentional and negligent infliction of mental distress. ***See*** Vallinoto v. DiSandro, 688 A.2d 830, 838-40 (R.I. 1997).

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
June 5, 2007

## CERTIFICATION

I, the undersigned, hereby certify that on June 25, 2007 I sent a true copy of the within by electronic service to all of the parties below:

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

John Verdecchia, Esq.
1206 Westminster Street
Providence, RI 02909

/s/ Vicki J. Bejma