**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARION MAROCCO** | : | |
| | : | |
| **VS.** | : | C.A. No. 06-545 T |
| | : | |
| | : | |
| **TOWN OF JOHNSTON, through its Finance Director, JOHN CONNORS; WILLIAM MACERA, LOUIS DeSIMONE, and ANTHONY PILOZZI Individually and in their respective capacities as Mayor, Town Solicitor, and Chairman of the Zoning Board, Town of Johnston** | : | |

**PLAINTIFF'S MOTION TO REMAND**

Now comes the Plaintiff and moves for an order remanding this action to the Superior Court of the State of Rhode Island, Providence County, the Court from which it was originally removed. In support of said Motion, Plaintiff relies upon her Memorandum, attached hereto and made a part hereof.

WHEREFORE, the above-captioned matter should be remanded to the Superior Court of the State of Rhode Island for Providence County.

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/ Stephen M. Robinson

Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 29, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 29, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on November 29, 2007, I sent a true copy of the within by electronic service to all of the parties below:

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

John Verdecchia, Esq.
1206 Westminster Street
Providence, RI 02909

/s/ Vicki J. Bejma

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARION MAROCCO** | : | |
| | : | |
| **VS.** | : | C.A. No. 06-545 T |
| | : | |
| | : | |
| **TOWN OF JOHNSTON, through its Finance Director,** | : | |
| **JOHN CONNORS; WILLIAM MACERA,** | : | |
| **LOUIS DeSIMONE, and ANTHONY PILOZZI** | : | |
| **Individually and in their respective capacities as** | : | |
| **Mayor, Town Solicitor, and Chairman of the Zoning** | : | |
| **Board, Town of Johnston** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

## I. FACTS AND TRAVEL

This matter comes before this Honorable Court on Plaintiff's Motion to Remand to the Providence County Superior Court. The Plaintiff brought this action after she was terminated from her position as the Clerk in the Town of Johnston's Building Department, and secretary to the Zoning Board until August, 2005. Count I of said Complaint consisted of a claim brought against Town officials under 42 U.S.C. § 1983, asserting that she was wrongfully terminated from her position in violation of the Fourteenth Amendment. Plaintiff also brought various state law claims against various Town officials. She has brought a state law claim for intentional interference with business relations against the Mayor in connection with her termination. She has also brought a state law claim against Town officials regarding statements made about the reasons for her termination, and undue publicity given to her termination.

After Plaintiff filed this matter in the Providence County Superior Court, the Defendants removed it to this Court on federal question jurisdiction pursuant to 28 U.S.C. § 1441(a)-(d). As of the summary judgment conference of November 29, 2007, the Plaintiff agreed that Count I of her Complaint, the count brought under 42 U.S.C. § 1983, presently lacked merit because she

had gone through the grievance arbitration process of the collective bargaining agreement, with a settlement resulting. Later that day, the parties filed a stipulation dismissing Count I. With the filing of this stipulation, the Plaintiff currently has no federal claims brought against any of the Defendants. The only remaining claims are brought under state law.

## II. LEGAL ARGUMENT

When this action was first brought, it had only one federal claim. That federal claim was the only possible ground for removal. Now that federal claim has been dismissed with prejudice, leaving only state law claims. When a matter involving state and federal claims initially was removed under federal question jurisdiction, and the federal questions are disposed of, this Court has the discretion to remand the remaining state law claims. ***See, e.g.***, Hood v. City of Boston, 891 F.Supp. 51, 55 (D.Mass. 1995). When exercising its discretion to remand under these circumstances, the court should weigh interests of economy, convenience, fairness, and comity. *See id*.

No prejudice would result to the Defendants if this matter were removed to state court. Furthermore, there are strong interests in convenience, economy and comity that weigh in favor of remanding this matter. This case may involve an as-yet unsettled area of Rhode Island law. At the November 29, 2007 settlement conference, Defendants' counsel indicated that it intended to seek summary judgment on the intentional interference claim against Mayor Macera. Defendants argued that because Mayor Macera was a Town official, and was charged with making termination decisions, he cannot be said to have wrongfully interfered with Plaintiff's employment. Plaintiff countered that the case of Jolicouer Furniture v. Baldelli, 653 A.2d 740 (R.I. 1995) stood for the proposition that a mayor could still be liable under an claim of intentional interference with a contractual relationship with the municipality, even when acting

in his capacity as Mayor. Defendants' counsel (who himself litigated Jolicouer) suggested that Jolicouer had been limited somewhat by the Rhode Island Supreme Court's November 21, 2007 decision in Avilla v. Newport Grand Jai Alai LLC, which dealt with the potential liability of a supervisor to interfere with an employment relationship. The Avilla decision itself makes it evident that tortious interference is a relatively new addition to Rhode Island law, and is still evolving, particularly in the area of when a managerial employee can be held to have tortiously interfered with the employment of an underling.[1]

Accordingly, it appears that if this Court were to retain this matter, it would be delving into a somewhat unsettled area of Rhode Island law. While there is certainly nothing preventing this Court from deciding cases involving unresolved issues in state law, the state courts *still* have the final word on interpretation of state law, regardless of this Court's interpretation thereof. *See* West v. AT&T Co., 311 U.S. 223, 236, 61 S.Ct. 179 (1949). It would obviously be far more economic and efficient for the Rhode Island state courts to be given the first opportunity to resolve the matter, and thus give future potential litigants a binding decision on this matter, as the opportunity which may not arise again for some time. For that reason, the interests of comity, economy, and efficiency weigh strongly in favor of remand.

## III. CONCLUSION

For the above-referenced reasons, the Plaintiff's Motion to Remand should be GRANTED.

---

[1] As the decision itself indicates: "Unlike other intentional torts, tortious interference with contract (and prospective contractual relations) "has not developed a crystallized set of definite rules as to the existence or non-existence of a privilege to act * * *." *Id.*, citing Belliveau Building Corp., 763 A.2d 622, 623 (R.I. 2000).

Respectfully submitted,
Plaintiff,
By her attorneys,

/s/ Stephen M. Robinson
Stephen M. Robinson #2103
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 29, 2007
srobinson@smrobinsonlaw.com

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
November 29, 2007
vbejma@smrobinsonlaw.com

**CERTIFICATION**

I, the undersigned, hereby certify that on November 29, 2007, I sent a true copy of the within by electronic service to all of the parties below:

Marc DeSisto, Esq.
DeSisto Law
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563

John Verdecchia, Esq.
1206 Westminster Street
Providence, RI 02909

/s/ Vicki J. Bejma